IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES THOMPSON | : | NO. 15-cr-222 |

**ORDER**

**AND NOW**, this 29th day of October, 2015, upon consideration of Defendant Charles Thompson's Motion to Preclude Admission of Defendant's Prior Convictions for Purposes of Impeachment in the Event That He Elects to Testify (ECF No. 41), Defendant's Motion to Bifurcate Trial in Order to Submit Separately to the Jury the Distinct Questions of Possession and Prior Felony (ECF No. 42), Defendant's Motion to Dismiss the Indictment for Lack of Federal Subject Matter Jurisdiction (ECF No. 44), and the Government's Response to Defendant's Pretrial Motions (ECF No. 45), it is hereby **ORDERED** that:

1. Defendant's Motion to Preclude Admission of Defendant's Prior Convictions for Purposes of Impeachment in the Event That He Elects to Testify (**ECF No. 41**) is **DENIED AS MOOT**.[1]

---

[1] In its response to the motion, the Government said the following:

> Should the defendant testify, the government agrees not to use the defendant's multiple gun convictions and other criminal convictions themselves as impeachment evidence under Federal Rule of Evidence 609. The government reserves the right to move to admit such convictions, however, should they become relevant to rebut contradictory statements made by the defendant or admissible for any other purpose under the Federal Rules of Evidence the door to which the defense may open.

ECF No. 45 at 3-4. The Government will be bound by the agreement outlined above. Accordingly, Thompson's unopposed motion is denied as moot. If Thompson testifies at trial and the Government believes that such testimony has "opened the door" to admitting Thompson's prior convictions, the Government must inform the Court of that belief and obtain permission from the Court before pursuing such evidence.

1

2. Defendant's Motion to Bifurcate Trial in Order to Submit Separately to the Jury the Distinct Questions of Possession and Prior Felony (**ECF No. 42**) is **DENIED**.[2]

3. Defendant's Motion to Dismiss the Indictment for Lack of Federal Subject Matter Jurisdiction (**ECF No. 44**) is **DENIED**.[3]

BY THE COURT:

/s/ L. Felipe Restrepo

L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE

---

[2] As Thompson concedes in his motion, the Third Circuit has expressed disapproval of bifurcating a criminal trial where the only charge arises under 18 U.S.C. § 922(g). ECF No. 43 at 4. Indeed, the Third Circuit has been strongly critical of such an approach, and it appears that it has never permitted a trial to be bifurcated where § 922(g) was the only charge at issue. See United States v. Jacobs, 44 F.3d 1219 (3d Cir. 1995) (holding that the district court correctly denied the defendant's request to bifurcate the trial where the defendant was only charged with one count of possession of a firearm by a convicted felon, in violation of § 922(g)(1)); see also United States v. Higdon, 638 F.3d 233 (3d Cir. 2011) (granting a writ of mandamus where "[t]he district court refused to abide by controlling precedent that a jury must be instructed about all of the elements of an offense," and noting that the Third Circuit has rejected a bifurcation procedure in single-count felon in possession cases); United States v. Hidgon, 493 F. App'x 261 (3d Cir. 2012) (holding that a district court's decision to deny a motion to bifurcate the trial in a single-count felon in possession case was neither an erroneous interpretation of governing law, nor an abuse of discretion). The Third Circuit's position is consistent with all other circuits that have considered this issue. See United States v. Amante, 418 F.3d 220, 225 (2d Cir. 2005); United States v. Clark, 184 F.3d 858, 866-68 (D.C. Cir. 1999); United States v. Koskela, 86 F.3d 122, 125 (8th Cir. 1996); United States v. Dean, 76 F.3d 329, 332 (10th Cir. 1996); United States v. Milton, 52 F.3d 78, 80-81 (4th Cir. 1995); United States v. Birdsong, 982 F.2d 481, 482 (11th Cir. 1993); United States v. Barker, 1 F.3d 957, 959 (9th Cir. 1993); United States v. Collamore, 868 F.2d 24, 28 (1st Cir. 1989). Upon consideration of the Third Circuit's clear position on bifurcation of trials such as this, which is in line with the decisions of all other Circuits to consider the issue, Thompson's motion to bifurcate the trial is denied.

[3] Thompson's motion seeks to dismiss the indictment for lack of subject matter jurisdiction, arguing that "[t]he felon-in-possession statute is unconstitutional on its face because the conduct it proscribes – the intrastate possession of a firearm – does not have a substantial [effect] on interstate commerce and does not constitute a valid exercise of Congress' authority under the Commerce Clause." ECF No. 44 at 4. In support of this argument, Thompson cites to the jurisprudential shift exemplified by the Supreme Court's decisions in United States v. Morrison, 529 U.S. 598 (2000), Jones v. United States, 529 U.S. 848 (2000), and United States v. Lopez, 514 U.S. 549 (1995). However, as Thompson rightly concedes, the Third Circuit has explicitly upheld the constitutionality of the felon-in-possession statute despite the arguments raised by Thompson here. See United States v. Singletary, 268 F.3d 196 (3d Cir. 2001). In light of the controlling precedent from the Third Circuit on this issue, Thompson's motion to dismiss the indictment is denied.